IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEON JACKSON,

        Petitioner,

v.                              CIVIL ACTION NO. 3:06cv91
                                    (Judge Bailey)

AL HAYNES,

        Respondent.

## REPORT AND RECOMMENDATION

On August 31, 2006, the *pro se* petitioner, an inmate at the United States Penitentiary ("USP") at Hazelton, initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. In the petition, the petitioner challenges the Extra Good Time Credits that have been awarded to him by the Bureau of Prisons ("BOP"). More specifically, the petitioner asserts that the negligence of the BOP staff in carrying out their "responsibility" to award and/or recommend him for Extra Good Time credit has deprived him of various hours to which he is entitled. As relief, the petitioner requests that this court award him a lump sum of 74 days Work/Study Release Good Time as well as a lump sum of 60 days Meritorious Good Time.

On September 1, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. On November 16, 2006, the respondent filed a Motion to Dismiss, with supporting memorandum and exhibits.

On November 21, 2006, the Court issued a Roseboro Notice in which the petitioner was

advised of his right to file a response to the respondent's motion. On December 28, 2006, the petitioner filed a reply, with supporting memorandum and exhibits.

## I.  The Pleadings

### A.  The Petition

In the petition, the petitioner asserts that under the District of Columbia Good Time Credits Act of 1986 ("DCGTCA"), he is entitled to earn its good time benefits, including extra good time credit. The plaintiff further asserts that included within extra good time credits are two categories that apply to him: (1) Work/Study Release Good Time and (2) Meritorious Good Time.  The petitioner contends that as a result of his participation in experiences that will assist in post-release employment, he requested Work/Study Release Good Time for completing the Literacy Program, Living Skills, Small Business Management, Personal Financial Planning, and Investing Class.  In addition, the petitioner contends that BOP staff are "responsible" for recommending meritorious good time based upon work performance.  The petitioner also notes that work detail/program supervisors are required to rate an inmates performance in each of several categories on a monthly basis when the inmate's performance is average or below average and on a quarterly basis when the performance is above average.  The petitioner contends that despite his request for Work/Study Release and Meritorious Good Time credit for his performance at the Federal Correctional Institution ("FCI") at Estill, FCI Talladega and USP Atlanta, he did not receive his requested extra good time credits.   After exhausting his administrative remedies, the petitioner now requests that the court grant him those credits.

### B.  The Respondent's Response

In the response, the respondent asserts that this case is not really about sentence computation as the petitioner does not actually argue that the BOP has made any errors in the manner in which

it has and continues to compute his sentence. Rather, the respondent asserts that this case involves the petitioner's argument that he should receive more education good time credits that he has been awarded, and his contention that BOP have neglected their "responsibility" to award and or recommend him for the requested good time credits, including Meritorious Good Time Credit. However, the respondent contends that the petitioner has been awarded all the educational good time credit that he has earned. In addition, the respondent contends that the petitioner is acting under a misunderstanding of how Meritorious Good Time Credits are awarded. As argued by the respondent, these are not credits for which an inmates makes a request, which is then evaluated and addressed. Rather, the respondent argues that Meritorious Good Time Credits are discretionary awards for exceptional service. Inasmuch as no staff as recommended the petitioner for Meritorious Good Time Credits, and he has received all of his educational good time credits, the respondent argues that the BOP has computed the petitioner's sentence correctly, and his request for additional credits should be denied, and this case should be dismissed from the Court's docket.

**C. The Petitioner's Reply**

In his reply, the petitioner argues that the respondent's account of credits by the District of Columbia Department of Corrections ("DCDOC') is irrelevant because his petition does not refer to any Extra Good Time Credits while housed by the DCDOC. In addition, the petitioner asserts that by arguing that the Meritorious Good Time statutory provision implies a discretion rather than a responsibility, the respondent is circumventing his request to be awarded Work/Study Release and Meritorious Good Time which is described under 28 C.F.R. §§ 523.11 and 523.12.

**II. The Petitioner's Conviction and Sentence**

The petitioner was convicted in the District of Columbia Superior Court for the commission of Second Degree Murder While Armed in Violation of D.C. Code §§ 22-2403, 3202. On June 6,

1990, he was sentenced under the District of Columbia Good Time Credits Act of 1986 (DCGTCA), DC ST § 24-221.01 *et seq.*, to a term of twenty-seven years with a mandatory minimum of five years.

On January 1, 1995, the petitioner was indicted in the U.S. District Court for the Eastern District of Virginia on two counts: (1) Assault on a Correctional Officer in violation of 22 D.C. ST. § 505(a) and (2) Assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f). The assault(s) occurred on June 19, 1993. Following a jury trial, the petitioner was found guilty of Count 1 and not guilty of Count 2. The petitioner was sentenced under the Sentencing Reform Act of 1984 to a term of 51 months to run consecutive to his first sentence, followed by three years supervised released.[1]

Under the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), D.C. ST. § 24-101 *et. seq.*, the petitioner was transferred to the custody of the BOP on December 5, 2000. At that time, the petitioner was designated to the Federal Correctional Institution ("FCI") in Estill, South Carolina. The petitioner was transferred to FCI Talladega, Alabama on April 8, 2002, to the USP in Atlanta, Georgia on August 25, 2003, and to USP Hazelton on July 13, 2005.[2]

## III. Petitioner's Sentence Computation

The respondent contends that the BOP's responsibility for calculating the petitioner's first sentence, which was imposed by the District of Columbia under the DCGTCA, is limited to the

---

[1] See, 1:95cr6-LMB-1.

[2] The petitioner was incarcerated at USP Hazelton when he filed his petition. On July 12, 2007, he sent a letter to the Clerk of the Court advising that he was in the process of being transferred. Although he has not advised the court that he has been transferred, the BOP website indicates that he is now incarcerated at FCI Fairton which is located in New Jersey.

manner in which the DCDOC would have calculated the same sentence. Therefore, the respondent argues that the BOP cannot award the petitioner more good time credits than the DCDOC would have given him.

The BOP has commenced the petitioner's first sentence on June 6, 1990, the date the D.C. Superior Court imposed the sentence. In accordance with the DCGTCA, the petitioner received 249 days of D.C. Education Good Time Credits, 385 days jail credit and 53 days Extra Good Time. (Dckt. 16-3, p. 3) ). Based on these combined credits, petitioner received mandatory parole from the D.C. Superior Court sentence on September 4, 2006. (Id.). The petitioner is now serving his 51 month sentence imposed by the Eastern District of Virginia under the Sentencing Reform Act of 1984 ("SRA"). This sentence is not eligible for any Extra Good Time Credits or any other special credit programs other than the 54 days per year earned in accordance with 18 U.S.C. § 3624(B).[3] The petitioner's projected release date is May 17, 2010, via Good Conduct Time Release. (Dckt. 16-4, p. 6).

## IV. Analysis

The Revitalization Act provides that the BOP is responsible for computing the sentences of

---

[3]The respondent cites D.C. ST. § 24-249 in support of this statement. However, this is clearly not the proper authority. D.C. ST. § 24-221.01, formerly cited as DC ST 1981 § 24-249 refers to educational good time and provides as follows:

(A) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until completion of the academic or vocational program.

It appears to the undersigned, that the real reason the petitioner is not currently eligible for any Extra Good Time Credits or any other special credit programs is because he has served has completed his sentence imposed under the DCGTCA and is now serving a sentence imposed under the SRA. (See 1:95cr-6, dcks. 12 & 13).

5

D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." Id. at § 24-101(a). Therefore, although the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia Code continues to control the computation of such sentences.[4]

With regard to educational good time, addressed in D.C. ST. § 24-221.01, it is undisputed that the BOP has only received documentation from the DCDOC which provides that the petitioner is entitled to 249 days of educational good time credits[5] and all were applied in establishing the petitioner's mandatory parole date. The petitioner, however, argues that he was entitled to additional credits for completing a literacy class, small business management, living skills, and personal financial planning which all appear to have been taken between August 21, 2001 and February 28, 2002 while he was incarcerated at FCI Estill. The petitioner argues that these credits should be awarded under work/study release good time.

28 C.F.R. § 532.12, provides the following with respect to work/study release good time:

Extra good time for an inmate[6] in work or study release programs is awarded

---

[4]In the instant case, this statement applies only to the petitioner's first sentence. Although the petitioner's second sentence was for violation of a DC statute, he is not a "DC offender" for purposes of sentence calculation, because he was sentenced under the SRA, not the DCGTCA.

[5]These credits were earned between December 31, 1993 and June 30, 2000, while the petitioner was incarcerated at the Lorton Correctional Complex, which was operated by the DCDOC and located in Fairfax County, Virginia. It was closed pursuant to the Revitalization Act and D.C. offenders were transferred to the Bureau of Prisons in stages that ended when the last inmate at the complex was designated by the Bureau of Prisons or until December 31, 2001, whichever was earlier. See DC ST 24-101

[6]As used in this chapter, "inmate means all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses

automatically, beginning on the date the inmate is assigned to the program and continuing without further approval as long as the inmate is participating in the program, unless the award is disallowed.

In this case, the petitioner was simply taking classes offered at FCI Estill (Dckt. 20-8) and was not assigned to either a work or study release program. Therefore, he only would be entitled to additional credits for these programs if they were approved by the DCDOC for Educational Good Time. Since they were not, the petitioner is not entitled to 74 hours of additional good time.[7]

With respect to meritorious good time, D.C. ST. § 24-221-01a provides as follows:

> (a) In the discretion of the Director of the Department of Corrections, a prisoner may be allowed meritorious good time credit for performing exceptional meritorious service or performing duties of outstanding importance in connection with institutional operations.
>
> (b) Meritorious good time credits authorized by this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

Here, it is undisputed that the petitioner's records show that not one BOP staff member for whom petitioner worked made any recommendation or submissions for meritorious credits on his behalf. (Dckt. 16-3, p. 4). However, the petitioner asserts that while housed at FCI Estill, FCI Talladega, and USP Atlanta, he requested meritorious good time from the staff, but never received an award of the same.

In making his argument that he is "entitled" to meritorious good time, the petitioner refers to two provisions of Section 500 of Title 28 of the Code of Federal Regulations. First, he points to

---

against the United States; D.C. Code felony offenders; and persons held as witnesses, detainees, or otherwise." 28 C.F.R. § 500.1(c).

[7]The undersigned does not know how the petitioner arrived at this figure.

28 C.F.R. § 545.26, which provides in part:

> (e) Work evaluation.
>
> (3) The work detail/program supervisor shall rate the inmate's performance in each of several categories on a monthly basis when the inmate's work performance is average or below average or on a quarterly basis when the inmate's performance is above average. For example, an inmate may be rated in such categories as quality of work, quantity of work, initiative, ability to learn, dependability, response to supervision and instruction, safety and care of equipment, ability to work with others, and overall job proficiency.

Second, he points to 28 C.F.R. 523.11, which provides in part:

> (a) Staff are responsible for recommending meritorious good time based upon work performance. Each recommendation must include a justification which clearly shows that the work being performed is of an exceptionally meritorious nature or is of outstanding importance in connection with institutional operations. Work performance and the importance of the work performed are the only criteria for awarding meritorious good time.

Although not clearly articulated, the petitioner appears to argue that staff have a responsibility to recommend meritorious good time based on their work evaluations of each inmate. Because the petitioner apparently received some above average work evaluations, he argues that staff neglected their responsibility to recommend him for the requested good time credits. However, the word "responsibility" as used in 28 C.F.R. § 523.11(a) clearly does not impose an obligation that BOP staff members make such recommendations. Therefore, be it pursuant to DC ST. § 24-221.01a or 28 C.F.R. § 523.11, Meritorious Good Time Credits are discretionary, not mandatory.

In conclusion, because there is no evidence that the petitioner received less than the educational good time credits and Extra Good Time Credits[8] to which he is entitled, the BOP

---

[8] In addition to his DC Educational Good Time Credits and Jail Credits, the petitioner also received 53 days of Extra Good Time Credits for his work in Unicor at USP Atlanta and USP Hazelton. These credits appear to have been awarded under the provisions of 28 C.F.R. § 523.14 which deal with industrial good time: "Extra good time for an inmate employed in Federal Prison

8

correctly calculated his first sentence under the DCGTCA, and his mandatory parole date is correct. Therefore, this Court can not provide him any further relief.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Dckt. 16) be **GRANTED**, and petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner at FCI Fairton, P.O. Box 420, Fairton, NJ 08320 and to counsel of record.

DATED: July 25, 2007

                                                         /s/ James E. Seibert
                                                         JAMES E. SEIBERT

---

Industries, Inc., is automatically awarded, beginning on the first day of such employment, and continuing as long as the inmate is employed by Federal Prison Industries, unless the award is disallowed." However, the petitioner's right to these extra good time credits for working at nicor only applied to his sentence under the DCGTCA. The provisions for Extra Good Time, including industrial good time, do not apply to inmates sentenced under the Sentencing Reform Act provisions of the Comprehensive Crime Control Act of 194. See 28 C.F.R. § C.F.R. § 423.10(b).

UNITED STATES MAGISTRATE JUDGE