# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LEON JACKSON,**

      Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:06-CV-91**
　　　　　　　　　　　　　　　　　　　　　　**(BAILEY)**

**AL HAYNES,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on July 25, 2007 [Doc. 26]. In that filing, the magistrate judge recommended that this Court grant respondent's motion to dismiss [Doc. 16] and to dismiss with prejudice the petitioner's application under 28 U.S.C. § 2241 [Doc. 1].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due August 8, 2007 [Doc. 26], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner filed objections to the R & R on August 27, 2007 [Doc. 28]. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

As an initial matter, this Court recognizes that the R & R in this case was mistakenly docketed as an order granting the motion to dismiss [Doc. 26]. This has since been corrected. Additionally, the petitioner changed his address in close proximity to the R&R being filed. Therefore, this Court will treat the petitioner's objections as if they were timely filed.

In his petition, the petitioner contests the calculation of his good time credits that have been awarded to him by the BOP. Petitioner asserts that the BOP staff had a responsibility to award him this credit, which it did not recommend. Having reviewed the applicable law that governs the petitioner's sentence computation, it is the opinion of this Court that the 249 days of educational good time credits are accurately reflected in the petitioner's mandatory parole date. Further, the petitioner is not entitled to the 74 additional good time hours as claimed because they were not approved by the DCDOC as required by 28 C.F.R. § 532.12. Finally, with respect to petitioner's claim that the BOP staff had a responsibility to recommend meritorious good time based on work evaluations, the petitioner fails to recognize that 28 C.F.R. § 523.11(a) simply does not impose an obligation upon BOP staff members, but rather leaves it to their discretion.

Therefore, upon careful review of the R & R, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Doc. 26] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Therefore, the respondent's Motion to Dismiss [Doc. 16] is hereby **GRANTED**. Accordingly, the Court hereby **DISMISSES with prejudice** the petitioner's application under 28 U.S.C. § 2241 [Doc. 1] and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail true copies of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** October 2, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE